MADDOX, Justice
(concurring in part and dissenting in part).
The majority holds, consistent with Ex parte Sizemore, 605 So.2d 1221 (Ala.1992), that the taxpayer in this case is not responsible for paying the assessment of taxes due for the period in question. I wrote specially in Sizemore. Although I concurred with the Sizemore majority’s conclusion that in cases such as this the tax is due, under the withdrawal provisions of § 40-23-l(a)(10), Ala.Code 1975, in the county where the material was withdrawn from inventory, I dissented from that part of the Sizemore opinion holding that, because the law had previously been unclear, the taxpayer was not responsible for paying past-due taxes. I wrote:
“I cannot agree ... that the decision [that the withdrawal sales tax was due in the county where the material was withdrawn from inventory] should apply only prospectively. I believe that the law was clear at the time of the taxable event, and I would not excuse this taxpayer from having to pay the tax.”
Sizemore, 605 So.2d at 1230. Accordingly, to the extent that today’s opinion affirms the circuit court’s holding that sales tax was due in the county in which the fence material was withdrawn from inventory, I concur. However, I must respectfully dissent from the holding that the taxpayer is due a refund. For a more thorough explanation of my views on this issue, see my special writing in Sizemore.